42 F.3d 1390
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carson WEBB, Plaintiff-Appellant,
v.
Benny CRAFT; Jean Banks, Defendants-Appellees.
 No. 94-5652.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1994.
 
 Before: JONES, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Carson Webb, a pro se Kentucky prisoner, appeals a district court judgment which granted him summary judgment on his civil rights action brought pursuant to 42 U.S.C. Sec. 1983, but which denied him an award of both compensatory and nominal damages. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Webb brought his civil rights action alleging that his constitutional rights were violated while he was confined at the Letcher (Kentucky) Jail from December 20, 1984, to March 29, 1985, and from May 4, 1985, to November 1987 (exact date unknown). Specifically, Webb alleged that the defendants violated his Eighth and Fourteenth Amendment rights when they denied him medical treatment, and he complained about the following conditions of confinement: unsanitary jail conditions, inadequate recreation and programming, inadequate access to a law library, cold food, inadequately trained personnel, and overcrowded cells. Webb further alleged that the "totality of the circumstances" amounted to cruel and unusual punishment.
 
 
 3
 In an order dated February 15, 1991, the district court granted summary judgment in favor of defendants on the access to the law library claim and plaintiff's claim based on the "totality of the circumstances." The matter was then referred to a magistrate judge who ordered the defendants to file a status report and pretrial memorandum on the remaining issues which the defendants failed to do. The magistrate judge recommended that a judgment by default be entered against the defendants on the issue of liability, and the defendants never filed objections to that report. The district court judge adopted the magistrate judge's recommendation, deemed the defendants to be in contempt of court, and directed that a default judgment be entered against the defendants on the issue of liability. After an evidentiary hearing on the issue of damages, the magistrate judge recommended that the court deny Webb compensatory and nominal damages. Upon review, the district court noted that Webb failed to file any objections to the magistrate judge's report in spite of being given an extension to do so, and adopted the recommendation of the magistrate judge on the damages issue and struck the case from the docket.
 
 
 4
 On appeal, Webb argues the merits of his constitutional claims, and fails to argue why the district court erred in denying him damages. He provides no adequate reason for his failure to file objections to the magistrate judge's report. He has filed a motion for the appointment of counsel.
 
 
 5
 Upon review, we conclude that Webb has waived appellate review of the damages issue due to his failure to file objections to the magistrate judge's report filed on January 11, 1994. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 6
 In addition, we note that in his brief on appeal, Webb failed to argue that the district court erred by denying him damages. Therefore, even if Webb had filed timely objections to the magistrate judge's report, because he failed to raise the issue of damages on appeal, this claim is considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Accordingly, we deny Webb's motion for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.